## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| PENTHOUSE CONDOMINIUM COA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-03353-CV-S-DPR |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE | ) |
| COMPANY, a Massachusetts Corporation, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 16.) Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant moves for dismissal of Plaintiff's Second Amended Complaint (doc. 29) (the "complaint") for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] Plaintiff has filed Suggestions in Opposition (doc. 21) and Defendant has filed a Reply (doc. 25) in support. Upon review, the motion will be denied.

**I. The Complaint**

This case involves a dispute over insurance coverage. Plaintiff makes the following allegations in the complaint. On February 29, 2012, a tornado struck the Hilton Branson Convention Center Hotel (the "Hotel") in Branson, Missouri. (Doc. 29 at 5.) Plaintiff is a condominium owners' association, whose members are owners of condominium units in the Hotel. *Id*. at 1, 4. The manager of the Hotel, HCW Development Company, L.L.C. ("HCW"), as agent for the owner of the Hotel, Branson Landing Hotel, L.L.C. ("BLH"), obtained an insurance policy

---

[1] Although the motion was filed in response to the first Amended Complaint (doc. 12), the parties agree that it may be considered a responsive pleading to the subsequently filed Second Amended Complaint (doc. 29), which only corrected a misnomer and made no substantive changes to any of Plaintiff's claims. (See Docs. 24, 28.)

(the "policy") from Defendant. *Id*. at 4. Plaintiff paid a portion of the premium for the policy on behalf of its members. *Id*. The policy insured the entire hotel, including condominiums owned by Plaintiff's members, and included coverage for lost rental income, called "Loss of Business Income." *Id*. at 4-5; *see also* doc. 29-2 at 13, 18. After being hit by the tornado, the Hotel was closed for over seven months for repairs, during which time the condominium units owned by Plaintiff's members were not rented. (Doc. 29 at 5.)

Upon opening the insurance claim, Defendant informed HCW that Plaintiff "was required to be a loss payee on any settlement check" for damages caused by the tornado. *Id*. During the claim negotiations, Defendant acknowledged that Plaintiff should be a loss payee and that its members were owed a share of the proceeds for their lost rental income. *Id*. Defendant also included their lost rental income in its calculation of insurance proceeds. *Id*. Despite this, Defendant ultimately did not include Plaintiff as a payee on any of the settlement checks, nor did HCW or BLH pay a share of the proceeds to Plaintiff's members for their lost rental income. *Id*. at 5-6.

Based on these allegations, Plaintiff asserts two causes of action against Defendant – Breach of Contract and Vexatious Refusal to Pay Claims. Plaintiff attached a 95-page copy of Policy Number YU2-L9L-449414-011 (doc. 29-2) to the complaint. Plaintiff further alleges that it "is listed [] as an 'Additional Interest' on the declarations page for that policy." (Doc. 29 at 5, citing doc. 29-3.)

**II. The Motion to Dismiss**

Defendant argues that "Plaintiff is not a party or third-party beneficiary" to the insurance policy, which was issued to HCW. Thus, according to Defendant, Plaintiff lacks standing to assert a breach of contract claim against Defendant. For the same reason, Defendant also argues that the

complaint fails to state a claim upon which relief may be granted for breach of contract. Furthermore, because any claim for vexatious refusal to pay under the policy is necessarily derivative of the breach of contract claim, Defendant asserts that the second count fails to state a claim as well.

### a. Lack of subject-matter jurisdiction under Rule 12(b)(1)

A standing argument "implicates Rule 12(b)(1)," because "if a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). To establish standing, a plaintiff must show (1) an "injury-in-fact" that (2) is "fairly ... trace[able] to the challenged action of the defendant" and (3) is "likely ... [to] be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). An "injury-in-fact [is] an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*.

"A 'legally protected interest' requires only a judicially cognizable interest." *ABF Freight Sys. Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 959 (8th Cir. 2011) (*citing Lujan*, 504 U.S. at 562-63). When suing under a contract, a plaintiff's interest is "legally protected" if the plaintiff is a party to the contract or an intended beneficiary of it. *See ITT Hartford Life & Annuity Ins. Co. v. Amerishare Inv'rs, Inc.*, 133 F.3d 664, 669 (8th Cir 1998) ("In general, a stranger to a contract has no rights under the contract unless the third party is an intended beneficiary of the contract, or there is a duty owed to the third party that is discharged by the contract.")

Accepting as true all facts alleged in the complaint, and considering the exhibits attached to the complaint, there are sufficient facts presented in support of Plaintiff's claim that it is an additional insured or loss payee under the policy. Plaintiff has alleged that the policy insured "the

3

entire Hotel," including condominiums owned by Plaintiff's members for lost rental income. Plaintiff attached to the complaint a document dated May 26, 2011 titled "Evidence of Commercial Property Insurance," which indicates that "Penthouse COA, Inc" is an "Additional Interest" under the policy. (Doc. 29-3.) Plaintiff also alleges that throughout the insurance claim process, Defendant acknowledged and affirmed that Plaintiff was a loss payee under the policy and calculated the lost rental income of Plaintiff's members as part of the insurance proceeds.

Although Defendant argues that the policy does not list Plaintiff as a named insured, a review of the 95-page document attached to the complaint does not confirm this. First, there is an endorsement modifying the policy which indicates that there may be an "Additional Named Insured" "Per schedule on file with **us**." (Doc. 29-2 at 56.) Second, the Schedule of Mortgage Holders or Loss Payees. Form RM1102, does not specifically list any mortgage holders and loss payees, but rather refers to "certificates of insurance on file with us." (Doc. 29-2 at 57.) Based on these two documents, there may be additional schedules and/or certificates in the possession of Defendant and not before the Court, which may name Plaintiff as an additional insured or loss payee, as alleged in the complaint.

Defendant also argues that the "Evidence of Commercial Property Insurance" (doc. 29-3) that lists Plaintiff as an "Additional Interest" was not created by Defendant and does not indicate Plaintiff is a party to the policy. However, the document speaks for itself, regardless of whether it was created by an insurance agency on behalf of Defendant or Defendant itself. Defendant suggests that the form specifically indicates that Plaintiff is neither a mortgagee nor a loss payee because neither of those boxes beneath Plaintiff's name were checked. However, this raises questions as to whether this was an accidental omission, because it is unclear what "Additional

4

Interest" would otherwise mean, or why Plaintiff would be entitled to notice of termination of the policy if it was not a mortgagee or loss payee.

Therefore, accepting as true all facts alleged in the complaint and considering the exhibits attached to the complaint, there are enough facts presented in support of Plaintiff's claim that it is either an additional insured or loss payee under the policy. As a result, for purposes of this motion, Plaintiff has alleged a legally protected interest and therefore has standing to sue. Accordingly, the motion to dismiss for lack of subject matter jurisdiction will be denied.

### b. Failure to state a claim upon which relief can be granted under Rule 12(b)(6)

#### 1. Breach of contract

In the alternative, Defendant argues that Plaintiff's breach of contract claim should be dismissed for failing to state a claim upon which relief can be granted. Again, Defendant's premise for its argument is that "Plaintiff is not a party or a third-party beneficiary to the contract and, therefore, [Defendant] does not owe any obligations to Plaintiff thereunder." (Doc. 17 at 7.)

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the requirements to state a claim for relief. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a Rule 12(b)(6) motion, the court must accept the allegations of the complaint as true. *Id*.

Under Missouri law, a claim for breach of contract must set forth the following elements: "the existence of a valid contract; the rights of plaintiff and obligations of defendant under the contract; a breach by defendant; and damages resulting from the breach. *Clayborne v. Enterprise*

*Leasing Co. of St. Louis*, LLC, 524 S.W.3d 101, 106 (Mo. App. 2017). Also, "[o]nly a party or a third-party beneficiary of a contract may maintain a cause of action for breach of that contract." *Klenc v. John Beal, Inc.*, 484 S.W.3d 351 at 355 (Mo. App. 2015) (citing *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. banc 2007)).

As discussed in the previous section, and contrary to Defendant's argument, Plaintiff has provided enough facts in support of its claim that it is either an additional insured or loss payee under the policy. Accordingly, Defendant's argument fails, and the motion to dismiss the breach of contract count for failure to state a claim upon which relief can be granted will be denied.

### 2. Vexatious refusal to pay

Defendant also moves for dismissal of the second count, vexatious refusal to pay under the policy. Defendant argues this count is necessarily derivative of the first count for breach of contract. Thus, according to Defendant, once the first count is dismissed, the second count must also be dismissed. As set forth above, however, the breach of contract claim will not be dismissed for either lack of standing or failure to state a claim. Therefore, the motion to dismiss will be denied as to count two for vexatious refusal to pay as well.

### III. Conclusion

Accepting as true all facts alleged in the complaint and considering the exhibits attached thereto, the Court finds enough facts presented in support of Plaintiff's assertion that it is either an additional insured or loss payee under the policy. Accordingly, for purposes of this motion, Plaintiff possesses standing to sue under the policy, and the Court possesses subject matter jurisdiction over the breach of contract claim. Similarly, the complaint adequately sets forth a claim upon which relief can be granted for breach of contract. And, because the motion will be

6

denied as to the claim for breach of contract, the claim for vexatious refusal to pay necessarily survives the motion. Therefore, Defendant's Motion to Dismiss (doc. 16) is **DENIED**.

    **IT IS SO ORDERED.**

    /s/ *David P. Rush*
    DAVID P. RUSH
    UNITED STATES MAGISTRATE JUDGE

DATE: June 6, 2019